# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Camara J Thorpe <br>     Debtor | CHAPTER 13 |
| M&T Bank <br>     Movant <br> vs. | NO. 16-14471 MDC |
| Camara J Thorpe <br>     Debtor | |
| William C. Miller Esq. <br>     Trustee | 11 U.S.C. Section 362 |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by Movant on the Debtor's residence is **$9,665.24,** which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | July 2016 through December 2016 at $1,079.86 each <br> January 2017 through February 2017 at $1,077.54 each |
| Fees & Costs Relating to Motion: | $1,031.00 ($850.00 MFR Fee; $181.00 Court Filing Cost) |
| **Total Post-Petition Arrears** | **$9,665.24** |

2. The Debtor shall cure said arrearages in the following manner;

    a). Within thirty (30) days of the filing of this Stipulation, Debtor shall file an Amended Chapter 13 Plan to include post-petition arrears in the amount of $9,665.24 along with pre-petition arrears.

    b). Movant will file an Amended Proof of Claim in accordance with Debtor's Amended Chapter 13 Plan to include post-petition arrears in the amount of $9,665.24 along with pre-petition arrears.

    c). Beginning March 2017, Debtor shall pay the present regular monthly payment of **$1,077.54** on the mortgage (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month), at the address below;

**M&T Bank, P.O. Box 1288, Buffalo, NY 14240-1288.**

    d). Maintenance of current monthly mortgage payments to Movant thereafter.

3. Should Debtor provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

4. In the event the payments under Section 2 above are not tendered pursuant to the terms of this stipulation, Movant shall notify Debtor and Debtor's attorney of the default in writing and Debtor may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor should fail to cure the default within fifteen (15) days, Movant may file a Certification of Default with the Court and the Court shall enter an Order granting Movant relief from the automatic stay.

5. The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

6. If the case is converted to Chapter 7, Movant shall file a Certification of Default with the court and the court shall enter an order granting Movant relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date: February 17, 2017

By: /s/ Brian C. Nicholas, Esquire
Brian C. Nicholas, Esquire
Attorney for Movant
KML Law Group, P.C.
Main Number: (215) 627-1322

Date: February 23, 2017

Demetrius J. Parrish, Esq.
Attorney for Debtor

Date: 4/12/17

William C. Miller, Esq.
Chapter 13 Trustee *without prejudice to any trustee rights or remedies

Approved by the Court this _____ day of _____, 2017. However, the court retains discretion regarding entry of any further order.

Bankruptcy Judge
Magdeline D. Coleman